UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALI NIMEH,                                )
                                          )
         Plaintiff,                       )
                                          )
    vs.                                   )   Case No. 08 cv 2127
                                          )
PENAUILLE SERVISAIR LLC f/k/a GLOBE       )
GROUND NORTH AMERICA LLC; and             )
SERVISAIR LLC,                            )
                                          )
         Defendants.                      )

**ANSWER AND AFFIRMATIVE DEFENSES OF SERVISAIR LLC and PENAUILLE SERVISAIR LLC, f/k/a GLOBE GROUND NORTH AMERICA LLC**

NOW COMES the Defendants, Servisair LLC and Penauille Servisair LLC, f/k/a Globe Ground North America LLC (hereinafter, "Servisair"), by and through its attorneys, Dombroff Gilmore Jaques & French, P.C., and for its answer to the Complaint of the Plaintiff, Ali Nimeh (hereinafter, "Nimeh"), states as follows:

1. On or about May 31, 2006, Nimeh was employed by United Airlines at O'Hare International Airport, Cook County, Illinois.

**Servisair lacks sufficient information by which to admit or deny the allegations contained in Paragraph 1 of the Complaint and therefore denies same and demands strict proof thereof.**

2. On or about May 31, 2006, Servisair was a foreign corporation doing business at O'Hare International Airport, Cook County, Illinois.

**Servisair admits and further notes that Servisair LLC and Penauille Servisair LLC, f/k/a Globe Ground North America LLC are the same entity.**

3. On or about May 31, 2006, Nimeh was working at or near a baggage cart at or near the rear of an airplane parked at Gate B-7 at O'Hare International Airport.

**Servisair lacks sufficient information by which to admit or deny the allegations contained in Paragraph 3 of the Complaint and therefore denies same and demands strict proof thereof.**

4. On or about May 31, 2006, a Servisair fuel truck was being operated on the service road at or near Gate B-7 at O'Hare International Airport.

**Servisair admits.**

5. At the time and place alleged, the Servisair truck was being operated by an agent and/or employee of Servisair.

**Servisair admits.**

6. At the time and place alleged, the agent and/or employee of Servisair was operating the truck in the course of and within the scope of his or her agency and/or employment with Servisair.

**Servisair admits.**

7. At the time and place alleged, the Servisair truck veered off the service road and crashed into a baggage tug.

**Servisair lacks sufficient information by which to admit or deny the allegations contained in Paragraph 7 of the Complaint and therefore denies same and demands strict proof thereof.**

8. At the time and place alleged, the aforesaid Tug was connected to the baggage carts on which Nimeh was working.

**Servisair lacks sufficient information by which to admit or deny the allegations contained in Paragraph 8 of the Complaint and therefore denies same and demands strict proof thereof.**

9. At the time and place alleged, the force of the collision caused the baggage carts to strike Nimeh.

**Servisair lacks sufficient information by which to admit or deny the allegations contained in Paragraph 9 of the Complaint and therefore denies same and demands strict proof thereof.**

10. At the time and place alleged, as a result of the aforesaid collision, Nimeh was injured.

**Servisair lacks sufficient information by which to admit or deny the allegations contained in Paragraph 10 of the Complaint and therefore denies same and demands strict proof thereof. Servisair notes that Nimeh refused medical treatment at the scene.**

11. Servisair through its authorized agent and/or employee was negligent in one or more of the following respects:

    a. Failing to avoid colliding with another vehicle; or

    b. Failing to keep a proper look out; or

    c. Failing to maintain its vehicle within the space designated as service road; or

    d. Driving its vehicle at an excessive rate of speed; or

    e. Driving its vehicle carelessly; or

    f. Was otherwise negligent.

**Servisair denies.**

12. As a proximate result of the foregoing negligent acts and/or omissions, Nimeh was injured; has endured and will in the future endure pain and suffering; has become disfigured and disabled; has suffered a loss of earnings; and has been damaged in his capacity to earn.

**Servisair denies.**

## AFFIRMATIVE DEFENSES

I.   The alleged acts or omissions of Servisair are not the proximate cause of the Plaintiff's injuries and damages.

II.   Servisair states that Plaintiff's claims and/or damages, if any, were caused in whole or in part by his own comparative fault and/or the comparative fault of others.

III.   Servisair further states that Plaintiff's injuries and/or damages, if any, are a result of injuries Plaintiff suffered before the allegations and occurrences alleged in his Complaint and therefore Plaintiff's damages should be barred and/or reduced.

IV.   Servisair further states that Plaintiff's injuries and/or damages, if any, are a result of injuries Plaintiff suffered after the allegations and occurrences alleged in his Complaint and therefore Plaintiff's damages should be barred and/or reduced.

V.   Servisair further states that Plaintiff's claims and/or damages, if any, should be barred and/or reduced as a result of his failure to mitigate his damages.

VI.   Servisair further states that Plaintiff's claims and/or damages, if any, should be barred and/or reduced because Plaintiff assumed the risk and was fully cognizant of any and all circumstances surrounding the alleged incident.

VII.   Servisair further states that Plaintiff has failed to allege a cause of action for which relief can be granted.

VIII.   Servisair further states that Plaintiff's claims are barred by the applicable statutes of limitation.

WHEREFORE the Defendants, Servisair LLC and Penauille Servisair LLC, f/k/a Globe Ground North America LLC, pray this Honorable Court to dismiss the Plaintiff's Complaint, to award Defendants their costs and for any other relief as this Court deems just.

Respectfully submitted,

Penauille LLC,
Penauille Servisair LLC, f/ka Globe Ground
North America LLC,
Defendants herein,

By: _____
John R. Buscher,
One of Their Attorneys

Attorneys for the Defendants
Dombroff Gilmore Jaques & French, PC
10 South La Salle Street, Suite 1120
Chicago, Illinois 60603
312-781-0200

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALI NIMEH,<br><br>        Plaintiff,<br><br>vs.<br><br>PENAUILLE SERVISAIR LLC f/k/a GLOBE<br>GROUND NORTH AMERICA LLC; and<br>SERVISAIR LLC,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)  Case No. 08 cv 2127<br>)<br>)<br>)<br>)<br>)<br>) |

### NOTICE OF FILING

TO:    Thomas G. Siracusa, Esq.
         Power Rogers & Smith, PC
         70 West Madison Street, # 5500
         Chicago, Illinois 60602

PLEASE TAKE NOTICE that on the 25th day of April, 2008, the attached Answer and Affirmative Defenses were filed with the Clerk of Court, United States District Court, Northern District of Illinois, located at the United States Courthouse, Dirksen Building, 219 South Dearborn Street, Chicago, Illinois, 60603, a copy of which is hereby served upon you.

DATED:    April 25, 2008

By: _____
John R. Buscher
ARDC # 6272012

Dombroff Gilmore Jaques & French
Attorneys for Plaintiff
10 South LaSalle Street, Suite 1120
Chicago, Illinois 60603
(312) 781-0200

### CERTIFICATE OF SERVICE

The undersigned attorney deposes and states that a copy of the above-mentioned document, was served upon the above named by depositing same in the U.S. Mail on the 25th day of April, 2008 from 10 South LaSalle Street, Chicago, Illinois 60603.

_____
John R. Buscher